UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTE A. ROSE, JR., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 1:19-cv-02848-JEB |
| v. | ) |
| | ) |
| XAVIER BECERRA, et al., | ) |
| | ) |
| Defendants. | ) |

## JOINT STATUS REPORT

In accordance with the Court's June 28, 2021 order, Plaintiffs Monte A. Rose, Jr. et al.; Federal Defendants Xavier Becerra, et al.; and Intervenor-Defendant the Indiana Family and Social Services Administration (collectively, the "parties") respectfully submit the following joint status report.

1. On September 23, 2019, the Plaintiffs filed a complaint challenging the Federal Defendants' approval of the Healthy Indiana Plan (HIP) under Section 1115 of the Social Security Act. The approval permitted the State to impose work requirements, premiums (including a 6-month lockout or reduced benefits for failure to pay), and a 6-month lockout for failure to complete the redetermination process on time. The approval also allowed Indiana to eliminate retroactive eligibility and non-emergency medical transportation (NEMT). At the same time the Federal Defendants approved the above demonstration components, they also approved a Substance Use Disorder (SUD) program. The Federal and State Defendants contend the SUD program is part of HIP, while the Plaintiffs contend it is a distinct Section 1115 demonstration project. *See* ECF Nos. 30–35. Plaintiffs challenged the approval of HIP

1

as a whole, as well as individual components of the project. Compl. ¶¶235-273, ECF No. 1; First Am. Compl. ¶¶ 242-280, ECF No 32.

2. The following month, Indiana announced that it would suspend the work requirements until the case is resolved. The State had previously suspended the lockout penalty for failure to complete the redetermination process on time.

3. The Plaintiffs moved to set an expedited briefing schedule, and the Federal and State Defendants jointly cross-moved for a stay. ECF Nos. 16, 18. The Court granted each motion in part and denied each motion in part. Min. Order (Nov. 21, 2019).

4. In the notices and briefing that followed, the parties addressed, among other things, whether a merits affirmance by the D.C. Circuit in the related cases *Stewart v. Azar* and *Gresham v. Azar* would bar HIP's work requirements, and whether components of HIP other than the work requirements should be stuck down in the event the work requirements were determined to be unlawful. *See* ECF Nos. 27–28, 30–35. On February 20, 2020, the D.C. Circuit Court of Appeals issued its decision in *Gresham v. Azar*, 950 F.3d 93 (D.C. Cir. 2020). The D.C. Circuit affirmed this Court, holding that "the principal objective of Medicaid is providing health care coverage," *id*. at 99, and that the Federal Defendants' failure to consider whether the project would result in coverage loss was arbitrary and capricious, *id*. at 102-104.

5. Shortly thereafter, the COVID-19 pandemic hit the United States. On March 11, 2020, Congress passed the Families First Coronavirus Response Act, which provides states with enhanced federal Medicaid funding. As a condition of receiving these funds, states cannot impose new restrictions on Medicaid eligibility and must maintain the coverage of individuals enrolled in Medicaid through the end of the public health emergency. Pub. L. No.

116-127, div. F, §6008(a), (b), 134 Stat. 178, 208-09 (2020). Indiana is accepting the enhanced funding.

6. Due to the public health emergency, Indiana paused implementation of the premium requirements.

7. On March 20, 2020, this Court ordered the parties to file a joint status report "indicating how they think the Court should proceed" in light of the decision in *Gresham*. Min. Order (March 20, 2020). Indiana requested, without opposition, that this Court stay proceedings in this case. Joint Status Report, ECF No. 36 (April 3, 2020). The Court stayed the case and directed the parties to submit a joint status report within two weeks of the public health emergency being declared over. Min. Order (April 6, 2020).

8. On July 13, 2020, the federal government filed a petition for certiorari in *Gresham* and in *Philbrick v. Azar*.

9. While the petitions were pending before the Supreme Court, the Centers for Medicare & Medicaid Services (CMS) approved an extension of the HIP project. *See* Letter from Anne Marie Costello, Acting Deputy Adm'r & Dir., Ctr. for Medicaid & CHIP Servs., CMS, to Allison Taylor, Medicaid Dir., Ind. Family & Social Servs. Admin. (Oct. 26, 2020), https://bit.ly/36i2uT3; *see also* Notice by Fed. Defs., ECF No. 39. CMS conditioned approval of the work requirements, the lockout penalty for failure to pay premiums, and the redetermination lockout penalty, on the Supreme Court issuing a decision in *Gresham* "that legally authorizes these elements." *See id*. at 1; CMS, Healthy Indiana Plan (HIP) Waiver List 2 (2020), https://bit.ly/36i2uT3. The approval of these elements, as well as an extension of the SUD program, expires on December 31, 2025. CMS, Healthy Indiana Plan (HIP) Waiver List (2020), https://bit.ly/36i2uT3. The approval also permits Indiana to continue to

charge premiums (and terminate coverage or reduce benefits for failure to pay), eliminate retroactive eligibility, and eliminate NEMT through December 31, 2030. *Id*.

10. On December 4, 2020, the Supreme Court granted certiorari in *Gresham* and *Philbrick*. 141 S. Ct. 890 (2020).

11. Soon after President Biden took office, CMS withdrew its 2018 Dear State Medicaid Director letter that the Plaintiffs had challenged in Count One of their Amended Complaint. Tami Luhby, *Biden Moves to Unwind Trump's Medicaid Work Requirements*, CNN.com (Feb. 12, 2021), http://cnn.it/ 37mDsD7; Am. Compl. ¶ 234-241, ECF No. 32.

12. CMS issued letters to all states previously granted waivers to implement work requirements, including Indiana. *See* Letter from Elizabeth Richter, Acting Adm'r, CMS, to Allison Taylor, Medicaid Dir., In. Family & Social Servs. Admin. (Feb. 12, 2021), https://bit.ly/3dIRIco. The letter notified Indiana that CMS was commencing the process of rescinding the waivers for work requirements based on its preliminary determination that "allowing work and other community engagement requirements to take effect in Indiana would not promote the objectives of the Medicaid program." *Id*. at 2. CMS invited the State to submit any additional information that in its view "may warrant not withdrawing" the waivers within 30 days. *Id*.

13. Indiana sent a response to CMS, agreeing "that implementation of Gateway to Work would not be appropriate during the pandemic or the period of recovery that is to follow. We may revisit and recalibrate Gateway to Work requirements when the recovery period concludes, but not a moment sooner." Letter from Allison Taylor, Medicaid Dir., Ind. Family & Social Servs. Admin., to Elizabeth Richter, Acting Adm'r, CMS (March 20, 2021), https://bit.ly/2SNdBA7.

14. On June 24, 2021, CMS notified Indiana that it was withdrawing the approval of the work requirements based on its determination that they are not likely to promote the objectives of the Medicaid program. *See* Letter from Chiquita Brooks-LaSure, Adm'r, CMS, to Allison Taylor, Medicaid Dir., Ind. Family & Social Servs. Admin. 3, 22 (June 24, 2021), https://bit.ly/3hi4twT. The withdrawal will become effective on July 24, 2021, unless Indiana appeals the determination. *See id*. at 22-23. Indiana does not intend to appeal.

15. CMS has not rescinded the other waivers approved as part of the October 26, 2020 extension, including those permitting Indiana to impose premiums and consequences for failure to pay, impose the redetermination lockout penalty, eliminate retroactive eligibility, eliminate NEMT, and implement the SUD program. However, CMS has notified Indiana that it is reviewing waivers that it has previously approved and that the "review remains ongoing." *See id*. at 23.

16. The COVID-19 public health emergency is also ongoing. *See* U.S. Dep't of Health & Human Servs., *Renewal of Determination that a Public Health Emergency Exists* (April 15, 2021), https://phe.gov/emergency/news/healthactions/phe/Pages/COVID-15April2021.aspx (extending the public health emergency effective April 21, 2021 for a period of 90 days). The administration has stated that it is likely to continue the public health emergency through at least the end of 2021. *See* Letter from Norris Cochran, Acting Sec'y, Health & Hum. Servs., to Governors (Jan. 22, 2021), https://bit.ly/3ddBVmG.

17. As for *Gresham* and *Philbrick*, in response to a motion filed by the federal government, the Supreme Court removed the cases from the oral argument calendar and held them in abeyance pending further order of the Court. Docket Entry (Apr. 5, 2021), https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/20-

37.html. On July 1st, the Court recessed without further action in the case. Statement from Chief Justice John G. Roberts, Jr., (July 1, 2021), https://www.supremecourt.gov/publicinfo/press/pressreleases/pr_07-01-21. The cases thus remain held in abeyance.

18. Because several factors critical to the resolution of this case remain in flux, the parties respectfully request that the Court: 1) continue to stay the case until the COVID-19 public health emergency ends or CMS completes its review of the current HIP approval, whichever occurs first; and 2) order the parties to submit a joint status report within two weeks after one of those events occurs.

Dated: July 8, 2021                                            Respectfully submitted,

By: /s/ *Jane Perkins*
JANE PERKINS
CATHERINE MCKEE
National Health Law Program
1514 E. Franklin St., Suite 110
Chapel Hill, NC 27514
919-968-6308 (x101)
perkins@healthlaw.org
mckee@healthlaw.org

IAN HEATH GERSHENGORN
Jenner & Block
1099 New York Ave., Suite 900
Washington, DC 20001
202-639-6869
igershengorn@jenner.com

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE BENNETT
Assistant Branch Director

/s/  *Matthew Skurnik*
MATTHEW SKURNIK, NY Bar No. 5553896
VINITA B. ANDRAPALLIYAL
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 616-8188
Matthew.skurnik@usdoj.gov

*Counsel for Federal Defendant*s

6

THEODORE E. ROKITA
Indiana Attorney General

By: */s/ Thomas M. Fisher*
Thomas M. Fisher
Solicitor General

Kian J. Hudson
Deputy Solicitor General

Corrine L. Youngs
Julia C. Payne
Deputy Attorneys General

Office of the Indiana Attorney General
302 W. Washington St.
Indiana Government Center South, 5th Floor
Indianapolis, IN 46204-2770
(317) 232-6255
Tom.Fisher@atg.in.gov
Kian.Hudson@atg.in.gov
Corrine.Youngs@atg.in.gov
Julia.Payne@atg.in.gov

Caroline M. Brown
Philip J. Peisch
Brown & Peisch PLLC
1233 20th St. NW, Suite 505
Washington, D.C. 20036
(202) 499-4258
cbrown@brownandpeisch.com
ppeisch@brownandpeisch.com

*Counsel for Intervenor-Defendant*
*Indiana Family and Social Services Administration*