UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTE A. ROSE, JR., *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:19-cv-02848-JEB |
| XAVIER BECERRA, *et al.*, | ) |
| Defendants. | ) |

**MOTION OF INTERVENOR-DEFENDANT INDIANA FAMILY AND
SOCIAL SERVICES ADMINISTRATION TO MODIFY STAY PENDING APPEAL**

After this Court vacated the Secretary's 2020 approval for the Healthy Indiana Plan 2.0 (HIP) and remanded to the agency, Indiana Family and Social Services Administration (FSSA) moved for entry of a final, appealable judgment and a stay pending appeal. No party opposed FSSA's request for entry of a judgment—which this Court described as "final and immediately appealable"—and while plaintiffs opposed FSSA's request for a stay pending appeal, they represented that they would not oppose a more limited stay. That lead to this Court directing the parties to confer about the possibility of agreeing upon a limited stay pending appeal, and the ensuing conversations resulted in an agreement. Accordingly, on August 20, 2024, the Court entered a limited stay under which vacatur of the Secretary's approval is stayed in part.

Now, however, plaintiffs seek to use the limited nature of the stay to dismiss FSSA's appeal. They have asked the D.C. Circuit to dismiss the appeal on the theory that the pending remand to the agency renders this Court's judgment non-final and non-appealable. If FSSA had known plaintiffs would seek dismissal on this theory, FSSA would have insisted on a stay that stays the remand. But plaintiffs never once suggested during briefing or discussions about a stay that they

1

disagreed with this Court's express determination that its judgment was "final and immediately appealable." Plaintiffs did not raise this putative issue until after this Court entered a limited stay. To ensure that this delay does not prevent FSSA from being able to appeal issues of significant importance, the Court should modify the limited stay to stay the remand.

## BACKGROUND

This case concerns the Secretary's 2020 approval of the Healthy Indiana Plan 2.0 (HIP)—a Section 1115 demonstration project that delivers Medicaid coverage in an innovative way and provides hundreds of thousands of Hoosiers with important, non-mandatory benefits.

On June 27, 2024, this Court vacated the Secretary's 2020 approval and remanded the matter to the agency. Dkt. 67; Dkt. 68. To avoid any doubt about the order's appealability and to mitigate the adverse consequences of delay, FSSA promptly moved for entry of a final judgment under Federal Rule of Civil Procedure 54(b), explaining the importance of immediate appellate review. Dkt. 69. No party opposed the motion. *See* Dkt. 70. Accordingly, on July 10, 2024, this Court granted the motion in relevant part. Dkt. 71. It expressly found "pursuant to Rule 54(b) that there [wa]s no just reason for delay of appellate review," citing "potential real-world impacts of the Court's decision." *Id.* at 1–2. "In short," the Court stated, its orders "granting summary judgment for Plaintiffs on Count I [were] final and immediately appealable." *Id.* at 2.

Two days later, FSSA appealed and moved for a stay pending appeal. Dkt. 72; Dkt. 73. FSSA stressed that a stay was necessary to prevent irreparable harm to the agency and to more than 335,000 beneficiaries who would lose significant benefits. Dkt. 74 at 1–2, 11–14; Dkt. 74-1. The federal government took no position on the stay motion, and while plaintiffs indicated that they opposed a stay of the Court's entire decision, they expressed openness to "a limited stay." Dkt. 78 at 2. The Court accordingly ordered the parties to confer about whether they could agree

on a limited stay and its terms. Minute Order (Aug. 5, 2024). The parties discussed a limited stay and submitted a proposal to the Court. Dkt. 81; Dkt. 82-1; *see* Minute Order (Aug. 16, 2024). On August 20, 2024, the Court stayed vacatur of the Secretary's 2020 approval "except for those portions related to the payment or non-payment of POWER account contributions, pending resolution of the appeal, issuance of the mandate, and disposition of any timely filed petition for certiorari." Dkt. 83. The stay order did not address the remand of the matter to the agency.

Two weeks later, plaintiffs filed a motion with the D.C. Circuit to dismiss FSSA's appeal. Pls.-Appellees' Mot. to Dismiss for Lack of Jurisdiction, No. 24-5172 (D.C. Cir. filed Sept. 3, 2024). They argued that the remand to the agency makes this Court's judgment non-final and deprives the D.C. Circuit of jurisdiction. *Id.* at 2. Briefing on the motion to dismiss is ongoing.

## ARGUMENT

This Court's order granting a limited stay pending appeal permits any party to seek relief for "good cause." Dkt. 83. There is good cause to modify the stay here.

First, modification would ensure that plaintiffs' tactics do not deprive FSSA of its opportunity to seek appellate review of a decision with significant practical consequences. After this Court vacated the Secretary's 2020 approval of HIP, FSSA made clear its intention to appeal and worked to secure prompt appellate review. To ensure there was no doubt regarding its ability to appeal, FSSA moved for entry of a final judgment under Federal Rule of Civil Procedure 54(b). Dkt. 69. Plaintiffs did not oppose FSSA's motion. Dkt. 70. Then, after this Court determined that there was no just reason to delay entry of a "final and immediately appealable" judgment, Dkt. 71 at 1–2, FSSA filed its notice of appeal and sought a stay pending appeal, Dkt. 72; Dkt. 73. That motion for a stay led to a negotiated resolution after this Court encouraged the parties to consider a limited stay. At no point during briefing on the Rule 54(b) motion, briefing on the stay motion,

or discussions of a limited stay, however, did plaintiffs suggest that they would argue that failure to stay the remand would prevent FSSA from appealing. To all appearances, plaintiffs accepted this Court's determination that its order was "final and immediately appealable." Dkt. 71 at 2.

If plaintiffs had disclosed that they would attempt to use any remand as grounds for dismissing FSSA's appeal, FSSA would have maintained its request for a stay that prevents a remand to the agency. But plaintiffs did not disclose that they would argue that failure to stay remand would prevent an appeal until two weeks after this Court entered a limited stay. To ensure that strategy does not deprive FSSA of its opportunity to appeal a decision with significant consequences for Indiana's Medicaid program, this Court should modify the stay to prevent remand to the agency. That modification would remove what plaintiffs now argue is an obstacle to appellate review, *see* Pls.-Appellees' Mot. to Dismiss for Lack of Jurisdiction, No. 24-5172, at 2 (D.C. Cir. filed Sept. 3, 2024), ensuring that the D.C. Circuit can consider FSSA's merits arguments. The modification would essentially give effect to this Court's earlier determination that its order regarding the Secretary's 2020 approval is "final and immediately appealable." Dkt. 71 at 2.

Second, as FSSA explained in its motions for entry of judgment under Rule 54(b) and for a stay pending appeal, prompt appellate review is important in this case. Dkt. 69; Dkt. 74. HIP is a central feature of Indiana's Medicaid program. This Court's decision vacating the Secretary's 2020 approval thus has a significant impact on Indiana Medicaid's policies and operations. Even with the limited stay in place, the Court's decision prevents Indiana from implementing some aspects of HIP and effectuating important public policies. *See* Dkt. 83. The decision thus inflicts an irreparable sovereign injury on the State and similarly injures the federal government's ability to implement the policies it adopted in 2020. *See Abbott v. Perez*, 585 U.S. 579, 602 & n.17 (2018). Moreover, while this Court may have rejected FSSA's arguments on the merits, those arguments

4

are significant—as a contrary district court decision and the Supreme Court's grant of certiorari in another case about Section 1115 shows. *See Georgia v. Brooks-LaSure*, No. 2:22-cv-6, 2022 WL 3581859, at *13–15 (S.D. Ga. Aug. 19, 2022); *Azar v. Gresham*, 141 S. Ct. 890 (2020). Those considerations counsel in favor of ensuring that Indiana can fully litigate the significant issues present in this case before it is prevented from implementing its program and policies.

Relatedly, modification will help to ensure that beneficiaries do not suffer before the issues are fully litigated. As FSSA pointed out in seeking a stay pending appeal, vacatur of the Secretary's 2020 approval created "substantial uncertainty" for HIP's beneficiaries, operations, and funding. Dkt. 74-1 at Ex. A at 1. Vacatur would have required FSSA to transition 335,000 members from HIP Plus to HIP Basic—which would have resulted in beneficiaries losing access to enhanced benefits and being subject to cost sharing at the time of service. Dkt. 74-1 at Ex. A at 2–5. Vacatur also would have required FSSA to make "significant system changes" and incur unrecoverable costs while putting important funding sources at risk. *Id.*; Dkt. 79-1 at 2. Currently, the Court's limited stay prevents those consequences. But if plaintiffs succeed in obtaining dismissal of FSSA's appeal, the stay that this Court entered pending appeal will likely terminate in a matter of months. *See* Dkt. 83 (providing that the limited stay remains in effect only through "resolution of the appeal, issuance of the mandate, and disposition of any timely filed petition for certiorari"). That means more than 335,000 beneficiaries will once again face the loss of enhanced benefits.

Plaintiffs may respond that it is inevitable that the stay will terminate at some point. But that argument presumes plaintiffs are correct on the merits despite weighty arguments supporting FSSA's position. It makes little sense to expose Medicaid beneficiaries to the loss of important

benefits, and to force FSSA to make significant modifications to multiple systems, before the issues in this case have been fully ventilated on appeal. The better course would be to modify the stay to remove any doubt about FSSA's ability to pursue its current appeal.

## CONCLUSION

The Court should modify its limited stay to stay the remand to the agency.

Respectfully submitted,

THEODORE E. ROKITA
Indiana Attorney General

By: /s/ James A. Barta
James A. Barta (DC Bar 1032613)
Solicitor General

Office of the Indiana Attorney General
302 W. Washington St.
Indiana Government Center South, 5th Floor
Indianapolis, IN 46204-2770
Phone: (317) 232-0709
Fax: (317) 232-7979
Email: James.Barta@atg.in.gov

Caroline M. Brown (DC Bar 438342)
Brown & Peisch PLLC
1225 19th St. NW, Suite 700
Washington, D.C. 20036
Phone: (202) 499-4258
Email: cbrown@brownandpeisch.com

*Counsel for Intervenor-Defendant
Indiana Family and Social Services Administration*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 13, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which shall send notification of such filing to any CM/ECF participants.

                                            <u>/s/ James A. Barta</u>
                                            James A. Barta
                                            Solicitor General
                                            Office of the Attorney General
                                            302 W. Washington St., IGCS 5th Floor
                                            Indianapolis, IN 46204-2770
                                            Phone: (317) 232-0709
                                            Fax: (317) 232-7979
                                            Email: James.Barta@atg.in.gov