UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTE A. ROSE, JR., *et al.*,                )<br>                                                                    )<br>            Plaintiffs,                              )<br>                                                                    )<br>    v.                                                          )<br>                                                                    )   No. 1:19-cv-02848-JEB<br>XAVIER BECERRA, in his official capacity as  )<br>Secretary of Health and Human Services, *et al.*,  )<br>                                                                    )<br>            Defendants.                           )<br>_____)| |

**PLAINTIFFS' RESPONSE TO INTERVENOR-DEFENDANT
INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION'S
MOTION TO MODIFY STAY PENDING APPEAL**

Intervenor-Defendant's motion rests on a mischaracterization of the events that led to this Court's order entering a limited stay and a misunderstanding of the reason why the Court of Appeals lacks jurisdiction over Indiana's appeal. Indiana asks this Court to modify the limited stay to add a stay of the remand on the theory that doing so would provide the Court of Appeals with jurisdiction over Indiana's appeal. But whether the remand is stayed has no bearing on the question of appellate jurisdiction when the federal agency that is the subject of the remand order decides not to appeal. A stay cannot create jurisdiction where jurisdiction does not exist. Indiana's jurisdictional problem is thus not actually with Plaintiffs or with this Court's stay order, but instead with the federal government, which chose not to appeal, and with the D.C. Circuit, which assigns dispositive jurisdictional consequences to that decision.

Indiana's motion accuses Plaintiffs of engineering a limited stay for the purpose of preventing Indiana from appealing. Nothing could be further from the truth. The critical event for jurisdictional purposes was the federal government's decision not to appeal, and that decision came after—and so far as Plaintiffs know was independent of—the parties' agreement on the contours

1

of the stay. The scope of the stay, or whether there is a stay at all, has no jurisdictional consequences. Indiana's attacks on Plaintiffs and our supposed "tactics" are simply misplaced. The bottom line: Indiana lacks good cause because its requested modification would have no effect on its ability to appeal—its stated justification for the motion. Mot. Intervenor-Def. Ind. Fam. & Soc. Servs. Admin. Modify Stay Pending Appeal (Sept. 13, 2024), ECF No. 84 at 2 (hereafter ECF No. 84).

All that said, Plaintiffs understand Indiana's concern about changing the status quo in the event Indiana's appeal is dismissed for lack of jurisdiction. Plaintiffs would thus agree to maintain the status quo—as reflected in this Court's stay pending appeal—through the remand proceedings at the Department of Health and Human Services (HHS).

## ARGUMENT

### I. Indiana's Motion Does Not Accurately Reflect The Proceedings In This Case.

This Court vacated and remanded the 2020 approval of Indiana's Section 1115 project due to the Secretary's inadequate consideration of the project's impact on providing medical assistance to individuals who cannot afford it—the core purpose of the Medicaid Act. *See* Order (June 27, 2024), ECF No. 67; Mem. Op. (June 27, 2024), ECF No. 68. Indiana subsequently filed a motion asking the Court (as relevant here) to certify Count I under Federal Rule of Civil Procedure 54(b) "if the Court underst[ood] its opinion and order to adjudicate Count I of the supplemental complaint and not the remaining counts." Mot. Ind. Fam. & Soc. Servs. Admin. Entry J. Pursuant Rule 54(b) and Rule 58 (July 3, 2024), ECF No. 69 at 2. That Rule 54(b) certification would enable a defendant that had the right to appeal the Court's order to do so. Accordingly, Plaintiffs took no position on certification of Count I, Pls.' Resp. Intervenor-Def.'s Mot. Entry J. Pursuant

Rule 54(b) and Rule 58 (July 8 2024), ECF No. 70, and this Court granted that request by Indiana. Order (July 10, 2024), ECF No. 71.

Thereafter, on July 12, 2024, Indiana simultaneously filed a notice of appeal to the D.C. Circuit, Notice Appeal (July 12, 2024), ECF No. 72, and a motion for a stay pending appeal in this Court, Mot. Intervenor-Def. Ind. Fam. & Soc. Servs. Admin. Administrative Stay & Stay Pending Appeal (July 12, 2024), ECF No. 73. As an attachment to its memorandum in support of a stay, Indiana included a declaration from the State's Medicaid Director along with a letter that the Director sent to HHS, dated July 10, 2024. *See* Mem. Intervenor-Def. Ind. Fam. & Soc. Servs. Admin. Supp. Mot. Administrative Stay & Stay Pending Appeal (July 12, 2024), ECF No. 74, Ex. 1-A. The declaration asserted Indiana's view regarding the negative consequences of vacatur, and the letter to HHS urged the agency in the absence of any stay to conduct an expedited review of Indiana's application and re-approve the project. *Id*.

Plaintiffs, in their response to Indiana's motion, indicated their openness to a limited stay that would preserve the "imperfect status quo" for Medicaid beneficiaries in Indiana. Pls.' Resp. Intervenor-Def. Ind. Fam. & Soc. Servs. Admin. Mot. Stay Pending Appeal (July 26, 2024), ECF No. 78 at 2, 12-13 (hereafter ECF No. 78). On August 5, this Court, recognizing "the parties' potential agreement on the contours of a limited stay," ordered the parties to file a joint status report indicating whether they could reach an agreement as to a limited stay. Minute Order (Aug. 5, 2024). Plaintiffs, Indiana, and the federal government engaged in discussions that resulted in an agreement. The parties memorialized that agreement in a joint status report submitted to this Court on August 15, 2024. Joint Status Report (Aug. 15, 2024), ECF No. 81.

Also on August 15, Federal Defendants informed Intervenor-Defendant and Plaintiffs of their decision not to file a notice of appeal. Only once Plaintiffs learned of this decision did a

3

motion to dismiss for lack of appellate jurisdiction emerge as the subsequent course of action. What Indiana's motion overlooks is that it is not the nature of the stay that, as Indiana puts it, "poses an obstacle to appellate review." ECF No. 84 at 4.  Instead, Federal Defendants' choice not to appeal means that the Court of Appeals lacks jurisdiction over an appeal of a remand order brought only by Indiana, an intervenor.  *See, e.g.*, *Melinta Therapeutics, LLC v. U.S. Food & Drug Admin.*, No. 22-5288, 2022 WL 19723218, at *1 (D.C. Cir. Dec. 1, 2022); *Sierra Club v. U.S. Dep't of Agric.*, 716 F.3d 653, 656-57 (D.C. Cir. 2013); *Pueblo of Sandia v. Babbitt*, 231 F.3d 878, 880-81 (D.C. Cir. 2000).  That, not the order granting the limited stay, is what prompted Plaintiffs to file a motion to dismiss in the Court of Appeals.  Whether there is a stay of remand or not is of no jurisdictional consequence.

**II.    To Eliminate Indiana's Perceived Concerns, Plaintiffs Would Agree To Extend The Limited Stay To Apply Pending Remand.**

Plaintiffs understand Indiana's motion to reiterate the State's core concern—the claimed disruptive consequences for its Medicaid program that vacatur would purportedly engender. Indiana's parade of horribles allegedly resulting from vacatur is by now quite familiar.  *See* ECF No. 84 at 5.  While Plaintiffs maintain their disagreement with Indiana's assertion that vacatur would require the State to transition beneficiaries to a lower tier of benefits, Plaintiffs are willing to agree to the same limited stay that would prevent those alleged consequences of vacatur pending remand.  Doing so would fully address the State's concern about what will happen if the Court of Appeals dismisses Indiana's appeal and the stay pending appeal were to subsequently terminate while remand remains pending.  *See id*.

As Plaintiffs explained in their response to Indiana's motion for a stay pending appeal, "an imperfect status quo has emerged in Indiana. Medicaid enrollees have not paid premiums for several years but have received HIP Plus benefits." ECF No. 78 at 13.  Indiana's Medicaid Director

4

has said publicly that her agency wants to "maintain the status quo for the program." Whitney Downard, *Medicaid advisory panel weighs in on HIP lawsuit, Pathways transition*, Ind. Cap. Chron. (Aug. 22, 2024), https://indianacapitalchronicle.com/2024/08/22/medicaid-advisory-panel-weighs-in-on-hip-lawsuit-pathways-transition/. An agreement to continue the already-agreed-to limited stay, pending remand, would achieve that goal.

## CONCLUSION

The Court should deny Indiana's Motion.

Dated: September 20, 2024                    Respectfully submitted,

                                              /s/ Jane Perkins
Ian Heath Gershengorn                         Jane Perkins
Erica S. Turret                               Catherine McKee
JENNER & BLOCK                                NATIONAL HEALTH LAW PROGRAM
1099 New York Ave., Suite 900                 1512 E. Franklin St., Ste. 110
Washington, DC 20001                          Chapel Hill, NC 27514
(202) 639-6869                                (919) 968-6308 (x101)
IGershengorn@jenner.com                       perkins@healthlaw.org
ETurrett@jeener.com                           mckee@healthlaw.org


*Counsel to National Health Law Program*     Adam Mueller
                                              INDIANA JUSTICE PROJECT
                                              1100 W 42nd St., Suite 200
                                              Indianapolis, IN 46208
                                              (317) 912-1135 ext. 800
                                              amueller@injp.org

                                              *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2024 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send an electronic notice to all authorized CM/ECF filers.

/s/ Jane Perkins
Jane Perkins
