UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTE A. ROSE, JR., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) No. 1:19-cv-02848-JEB |
| XAVIER BECERRA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPLY OF INTERVENOR-DEFENDANT
INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION
IN SUPPORT OF MOTION TO MODIFY STAY PENDING APPEAL**

Plaintiffs' opposition to the requested modification of the stay largely rests on their view that granting the motion would not affect the D.C. Circuit's jurisdiction over Indiana's appeal. Dkt. 85 at 2, 4. They do not argue the modification would prejudice anyone. But to grant the requested modification, this Court need not make any definitive determination on whether the modification would impact appellate jurisdiction—the D.C. Circuit must decide its "own jurisdiction." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). It is enough for this Court to conclude that granting the requested modification could impact the jurisdictional calculus.

There is reason to believe that staying the remand could matter to the D.C. Circuit. Although plaintiffs argue that the Court of Appeals "lacks jurisdiction over an appeal of a remand order" filed by a party other than the federal government where the federal government itself does not appeal, Dkt. 85 at 4, that is "not [an] absolute" rule, *In re Long Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 751 F.3d 629, 633 (D.C. Cir. 2014). Most relevant for purposes of this stay motion, D.C. Circuit precedent establishes there is appellate jurisdiction over a private party's appeal where it is clear that the agency will not "take[] any reviewable action" on a matter during

1

the appeal. *Id.*; *see also Am. Great Lakes Ports Ass'n*, 962 F.3d 510, 515 (D.C. Cir. 2020) (permitting appeal by private parties where the agency would not "conduct further proceedings" and the district court "characterized its remand order as a 'final appealable Order'"). So staying the remand very well could impact the D.C. Circuit's jurisdictional determination in this case.

If a stay of the remand were to have the effect that Indiana urges, there would be a clear benefit. An appeal would allow Indiana to obtain appellate review of a decision that has significant impacts on its Medicaid policies and operations. *See* Dkt. 84 at 4. If Indiana were to succeed on appeal, the decision on appeal would restore to Indiana the authorities necessary to implement a "critical component" of its Medicaid demonstration project. S.A.R. 2025, 8240, 8250. The decision would redress a sovereign injury, *see Abbott v. Perez*, 585 U.S. 579, 602 & n.17 (2018), and remove the "substantial uncertainty" that surrounds HIP's future, Dkt. 74-1, Ex. A at 1. And even if Indiana did not achieve complete success, a decision from the D.C. Circuit would inform any further proceedings by clarifying the applicable law. In the absence of a D.C. Circuit decision, the parties face the risk that the agency will conduct proceedings on remand under this Court's understanding of Section 1115, but that the D.C. Circuit will adopt a different understanding of Section 1115 in a future appeal, which would require a redo of the determination.[1] Plaintiffs, meanwhile, identify no harm to themselves from having the legal issues in this case addressed sooner rather than later. As this Court concluded, there is no reason to postpone appeal. *See* Dkt. 71 at 2.

Plaintiffs dispute that they should have raised their concerns about appellate jurisdiction sooner, saying that, in their view, the critical event for jurisdictional purposes was the federal

---

[1] Recall that the Supreme Court vacated the D.C. Circuit's *Gresham* decision under a doctrine designed to "clear[] the path for future relitigation of the issues," *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950); *see Arkansas v. Gresham*, 142 S. Ct. 1665 (2022), which means that the issues decided in *Gresham* are now open for relitigation in the D.C. Circuit.

government's decision not to appeal. Dkt. 85 at 1–2, 4. We accept that statement at face value. Still, if plaintiffs believed that "only" the "agency to which the remand order is directed" may appeal an order remanding for non-ministerial proceedings, Pls.-Appellees' Mot. to Dismiss for Lack of Jurisdiction, No. 24-5172, at 5 (D.C. Cir. filed Sept. 3, 2024), that information would be highly relevant to discussions surrounding Indiana's request for a stay *pending its appeal.* At the time Indiana sought a stay pending its appeal, no party other than Indiana had appealed. This Court, however, need not tarry with the precise reasons why one thing or another occurred, since staying the remand would provide a benefit and would not prejudice any party.

As an alternative to Indiana's proposed modification of the stay, plaintiffs say that they would agree to modifying the current stay so that it continues during any remand. Dkt. 85 at 4–5. That modification would postpone some harms that will manifest once the current stay expires, which will happen on resolution of Indiana's appeal and disposition of any timely filed petition for certiorari. *See* Dkt. 83. But there is no reason that this Court must choose between these proposals. It can stay the remand proceedings pending resolution of Indiana's appeal (to address a potential jurisdictional objection) *and* partially stay vacatur of the Secretary's 2020 approval pending any remand (to guard against the possibility that the D.C. Circuit determines that it lacks jurisdiction or upholds this Court's decision). The operative text could read as follows:

> The Court STAYS the effect of its opinion (Dkt. 68) and order (Dkt. 67) vacating the Healthy Indiana Plan (HIP) 2.0 Demonstration Project, except for those portions related to payment or non-payment of POWER account contributions, pending resolution of the appeal, issuance of the mandate, ~~and~~ disposition of any timely filed petition for certiorari**, and if the appeal is dismissed or the opinion and order are affirmed, any remand.**
>
> **The Court also STAYS the remand pending resolution of the appeal, issuance of the mandate, and disposition of any timely filed petition for certiorari.**

(The strikethroughs and bolded text indicate modifications from the current order. *See* Dkt. 83.). Entering an order along these lines would give all parties what they seek.

3

Respectfully submitted,

THEODORE E. ROKITA
Indiana Attorney General

By: /s/ James A. Barta
James A. Barta (DC Bar 1032613)
Solicitor General

Office of the Indiana Attorney General
302 W. Washington St.
Indiana Government Center South, 5th Floor
Indianapolis, IN 46204-2770
Phone: (317) 232-0709
Fax: (317) 232-7979
Email: James.Barta@atg.in.gov

Caroline M. Brown (DC Bar 438342)
Brown & Peisch PLLC
1225 19th St. NW, Suite 700
Washington, D.C. 20036
Phone: (202) 499-4258
Email: cbrown@brownandpeisch.com

*Counsel for Intervenor-Defendant*
*Indiana Family and Social Services Administration*

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which shall send notification of such filing to any CM/ECF participants.

/s/ James A. Barta
James A. Barta
Solicitor General
Office of the Attorney General
302 W. Washington St., IGCS 5th Floor
Indianapolis, IN 46204-2770
Phone: (317) 232-0709
Fax: (317) 232-7979
Email: James.Barta@atg.in.gov