UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSE, JR., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>XAVIER BECERRA, *et al.*,<br><br>    Defendants. | Civil Action No. 1:19-cv-2848 (JEB) |

**FEDERAL DEFENDANTS' RESPONSE TO INTERVENOR-DEFENDANT INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION'S MOTION TO MODIFY STAY PENDING APPEAL**

This Court's June 27, 2024 Order granted Plaintiffs' motion for summary judgment, entered judgment on Count I of the operative Supplemental Complaint, vacated the Secretary's 2020 approval of the Healthy Indiana Plan 2.0 ("HIP"), and remanded the matter to the agency for further proceedings. ECF No. 67. After seeking and obtaining an order as to Count I under Federal Rule of Procedure 54(b), *see* ECF No. 71, Intervenor-Defendant Indiana Family and Social Services Administration filed a notice of appeal and a motion for a stay pending that appeal. *See* ECF Nos. 72, 73. The Federal Defendants took no position on that motion. ECF No. 77. In doing so, the Federal Defendants allowed Indiana to protect its own interests in avoiding any harmful effects the vacatur might impose on the State while it exercised whatever appellate rights it possessed as to the underlying order. Eventually, the parties agreed on a stay of the Court's vacatur, "except for those portions related to payment or non-payment of POWER account contributions, pending resolution of the appeal, issuance of the mandate, and disposition of any timely filed petition for certiorari." ECF No. 83. Outside of any waivers related to Medicaid's limitations on premium requirements, that limited stay generally authorized Indiana to operate HIP

pursuant to the Secretary's 2020 approval while Indiana sought appellate review. Indiana now suggests that the limited nature of the stay pending appeal somehow "poses an obstacle to appellate review" because it did not also stay the remand. See ECF No. 84 at 4.

Altering the scope of the Court's stay pending appeal, however, would not affect appellate jurisdiction over the underlying order from which the appeal was taken. The "purpose" of a "stay pending appeal" is "to maintain the status quo pending a final determination of the merits of the suit." Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977). Such a motion seeks to avoid irreparable harm a district court's order might impose on the losing party should that party prevail on appeal. That is why a court considering stay motions must consider both the movant's likelihood of success on the merits of their appeal and the possibility of irreparable injury to the moving party if relief is withheld. Id. But the stay order itself does not expand appellate jurisdiction. See United States v. Philip Morris Inc., 314 F.3d 612, 622 (D.C. Cir. 2003) (considering whether court had appellate jurisdiction over order appealed from before considering whether stay was warranted), abrogated on other grounds, Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100 (2009). Indeed, one reason a party may be unable to obtain a stay pending appeal is that they are unlikely to succeed on the merits of their appeal because no appellate jurisdiction exists. Chen v. FBI, No. 18-cv-3074, 2023 WL 6461011, at *3 (D.D.C. Sept. 6, 2023) (denying stay pending appeal because party had "scant prospect of success . . . given that the Circuit will likely not reach the merits due to the jurisdictional defects" of appealing interlocutory order); cf. Elec. Priv. Info. Ctr. v. Dep't of Commerce, 928 F.3d 95, 104 (D.C. Cir. 2019) ("The merits on which plaintiff must show a likelihood of success [to obtain a preliminary injunction] encompass not only substantive theories but also establishment of jurisdiction." (cleaned up)). It

is the finality of the underlying judgment that creates appellate jurisdiction, not the subsequent request to stay that judgment. *See* 28 U.S.C. § 1291.

Ultimately, the Court of Appeals will decide whether it has appellate jurisdiction over this Court's vacatur and remand order; this Court need not wade into that thicket here.

Nevertheless, the other parties in this action have proposed modifications to the scope or duration of the Court's stay to prevent the disruptive effects of vacatur during any appeal or remand. *See* ECF No. 84 at 6 (asking the Court to "stay the remand to the agency"); ECF No. 85 at 4–5 (proposing continuation of stay during the pendency of any remand proceedings). The Federal Defendants have no objection to the Plaintiffs' proposal to continue the agreed stay during the pendency of any remand, which would avoid many of the "disruptive consequences of vacatur of the HIP demonstration approval at this late stage." *See* ECF No. 56 at 42. The Federal Defendants take no position on Intervenor-Defendant's proposal to stay the remand.

Dated: September 27, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE BENNETT
Assistant Branch Director

*/s/ Jacob S. Siler*
Jacob S. Siler (D.C. Bar No. 1003383)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 353-4556
Email: Jacob.S.Siler@usdoj.gov

*Counsel for Defendants*